UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | | |
|---|---|---|
| KYLE THOMPSON, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 3:22-cv-00020-GFVT |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | **&** |
| CITY OF FRANKFORT, *et al.*, | ) | **ORDER** |
| | ) | |
| Defendants. | ) | |
| | ) | |

\*\*\*\*\*   \*\*\*\*\*   \*\*\*\*\*   \*\*\*\*\*

Plaintiff Kyle Thompson, an elected City Commissioner of Frankfort, Kentucky, was removed from office upon unanimous agreement of the members of the Frankfort City Commission. [R. 1-2 at 14.] In response to his removal, Mr. Thompson filed suit in Franklin Circuit Court, seeking an appeal of his removal pursuant to KRS 83A.040(9), a temporary restraining order and preliminary injunction mandating his reinstatement, and damages pursuant to 42 U.S.C. § 1983. *Id.* at 32-33. On April 6, 2022, Defendants filed a Notice of Removal. [R. 1-1.] Upon review, the Court **ABSTAINS** and **REMANDS** this matter to state court.

**I**

In November 2020, Plaintiff Kyle Thompson was elected as a Frankfort City Commissioner. [R. 1-2 at 5.] A year later, Frankfort's Chief of Police announced his retirement and the City began the process of hiring a new Chief. *Id.* Mr. Thompson, as a Commissioner, was given access to the identities of Chief candidates and participated in their interviews. *Id.* at 5-8. at 7. On December 20, 2021, Frankfort City Manager Laura Hagg sent an email to all members of the Frankfort Board of Commissioners in which she indicated that a "citizen in the

community" had turned over a private statement made by a Commissioner that "raise[d] serious concerns." [R. 8 at 1.] This private statement was later revealed to be a text message allegedly sent by Mr. Thompson to a third party in which he made disparaging remarks about a candidate. [R. 1-2 at 22.] Though the contents of his message have not been made publicly available, Mr. Thompson alleges that he was aware that one candidate "had a history of troubling interpersonal relationships with fellow police officers up and down the chain of command." [*Id; see* R. 12 at 10, n.3.] In response to the allegations, the City conducted "several closed session meetings," and the Board of Commissioners ultimately "tendered formal charges of misconduct [against Mr. Thompson] […] and scheduled a removal hearing pursuant to KRS 83A.040(9)." [R. 8 at 2.] On March 17, 2022, Mr. Thompson's removal hearing occurred, and he was removed from office by a unanimous vote of Commissioners. *Id.*

In response to his removal, Mr. Thompson filed suit in Franklin Circuit Court, seeking an appeal of his removal pursuant to KRS 83A.040(9). [R. 1-2 at 32.] KRS 83A.040(9) provides, in relevant part, that a removed officer "shall have the right to appeal to the Circuit Court of the county and the appeal shall be on the record." KRS 83A.040(9). In his appeal, Mr. Thompson challenges the sufficiency of his removal proceedings and requests a temporary restraining order and preliminary injunction mandating his reinstatement. [R. 1-2 at 32.] Because his Complaint also requested damages for alleged constitutional violations pursuant to 42 U.S.C. § 1983, however, Defendants removed this action to federal court. [R. 1-1.] On April 7, in response to removal, the Court ordered both parties to simultaneously brief whether the *Younger* abstention doctrine mandates this Court to abstain from exercising its jurisdiction in this matter. [R. 3.] Both parties having filed briefing, this matter is now ripe for review. [R. 5; R. 8.]

2

## II

Though the Court clearly has subject matter jurisdiction over Mr. Thompson's Section 1983 claims, it questions whether its jurisdiction properly extends to the appeal of his removal. Under *Younger*, federal courts are prohibited from enjoining state court proceedings. *Younger v. Harris*, 401 U.S. 37 (1971). In recent years, however, the Supreme Court has limited the implementation of *Younger* abstention to three circumstances: (1) ongoing state criminal prosecutions, (2) ongoing state-initiated civil enforcement proceedings "that are akin to criminal prosecutions," and (3) ongoing state civil proceedings that involve the ability of courts to perform judicial functions. *Doctors Hosp. of Augusta, LLC. v. Kentucky*, 2018 U.S. Dist. LEXIS 61398 at *7 (E.D. Ky. April 11, 2018) (citations omitted).

In addition, administrative proceedings that are judicial in nature are considered "state-initiated civil proceedings" for the purpose of determining whether *Younger* abstention applies, even if the case has not yet progressed to state-court at the time of federal review. *See Ohio Civil Rights Comm'n v. Dayton Christian Schools*, 477 U.S. 619, 627, 106 S. Ct. 2718, 91 L. Ed. 2d 512 (1986); *Middlesex County Ethics Committee v. Garden State Bar Ass'n*, 457 U.S. 423, 432-34, 102 S. Ct. 2515, 73 L. Ed. 2d 116 (1982); *Gibson v. Berryhill*, 411 U.S. 564, 576-77 (1973). Further, for *Younger* abstention to be appropriate, (1) there must be an ongoing state judicial proceeding, (2) the proceeding must implicate an important state interest, and (3) there must be an adequate opportunity in the state proceeding to raise constitutional challenges. *Middlesex*, 457 U.S. at 432. Without these "exceptional" circumstances, a pending state court action is not a bar to federal jurisdiction. *Id.* (citing *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976); *McClellan v. Carland*, 217 U.S. 268, 282 (1910)).

**A**

In his briefing, Mr. Thompson argues that the appeal of his removal from office is an "ongoing state-initiated civil enforcement proceeding 'akin to a criminal prosecution,'" and that an important state interest and opportunity to raise constitutional challenges is present. [*See* R. 5 at 3-4.] Consequently, Mr. Thompson argues that the Court should abstain from this matter. [R. 5 at 3-4.] In opposition, Defendants argue that abstention is inappropriate because the appeal of Mr. Thompson's removal from office is not an "ongoing" proceeding or a proceeding that implicates an important state interest. [R. 8 at 4-10.] Accordingly, Defendants contest that this matter involves an "ongoing state-initiated civil enforcement proceeding 'akin to a criminal prosecution.'"

**1**

Defendants first contend that, despite the filing of an appeal of his removal in Franklin Circuit Court, the Court should not abstain because no state court proceeding is currently pending. [R. 8 at 4-5.] In support, Defendants cite a plethora of cases in which district courts have found that the removal of a state action to federal court renders the state case non-existent and therefore no longer pending. *Id.* (citing *Plastic Surgs. of Lexington v. Liberty Mut. Ins. Co.*, 2021 U.S. Dist. LEXIS 195749 at *13 (E.D. Ky. Jan. 5, 2021) ("Upon Ohio Security's removal of this action, a state case no longer existed); *Vill. of DePue, Ill. v. Exxon Mobil Corp.*, 537 F.3d 775, 783 (7th Cir. 2008) ("Removal under 28 U.S.C. § 1441 simply does not leave behind a pending state proceeding that would permit *Younger* abstention."). Accordingly, because Defendants removed Mr. Thompson's appeal and claims from state court, they allege that there is no "ongoing" judicial proceeding with which federal court action would impede as to require abstention. [*See* R. 8 at 4-5.]

But Defendants fail to consider the impact of the procedural posture in this matter. For example, in *Plastic Surgs.* the court found that the case's removal to federal court had extinguished the pendency of the action's life in state court because the matter had been properly removed before the state court had adjudicated its merits. *See* LEXIS 195749 at \*5-\*6, \*13. Similarly, in *Vill. of DePue*, the defendant's removal from state court was deemed to have terminated the pendency of a state proceeding that had not reached final judgment, even though the state court had entered a "consent order." 537 F.3d at 781-82, 84. Though the state court in this matter did not adjudicate this case on its merits before removal, a final "judgment" was reached in the administrative hearing: Mr. Thompson was removed from office by unanimous consent. [R. 8 at 2.] And pursuant to KRS 83A.040(9), Mr. Thompson filed a request in Franklin Circuit Court seeking judicial review of the sufficiency of his removal proceeding. KRS 83A.040(9).

Because a judgment was reached and Mr. Thompson now seeks appellate review, this matter remains "pending" pursuant to *Huffman v. Pursue*, 420 U.S. 592 (1975). In *Huffman*, the Supreme Court concluded that, once a state trial court enters a judgment, a party cannot litigate the constitutionality of the laws upon which the judgment was reached in federal court until he first exhausts his appellate remedies in state court. 420 U.S. at 610-11. Further, when given the opportunity to determine whether an appeal of administrative action constitutes an ongoing civil-enforcement proceeding requiring abstention, the Supreme Court has twice "assume[d] without deciding" that an "administrative adjudication and the subsequent state court's review of it count as a 'unitary process' for *Younger* purposes." *New Orleans Pub. Serv., Inc. v Council of New Orleans*, 491 U.S. 350, 369 (1989); *Sprint Communs., Inc., v. Jacobs*, 571 U.S. 69, 78 (2013).

5

Accordingly, because Mr. Thompson was removed from office by administrative adjudication and seeks to appeal his removal, the Court will also "assume without deciding" that he must first exhaust his state court appellate remedies before this matter can be heard in federal court. Though the Court recognizes that this holding delays Defendants' right to removal under Section 1446, its concerns for comity and federalism prevail.

**2**

Defendants next contend that abstention is improper because "Plaintiff's Amended Complaint and appeal do not implicate an important state interest." [R. 8 at 5.] In support, Defendants argue that the question on appeal "is not whether the process used in the removal of the Plaintiff was constitutional, but whether the Frankfort Board of Commissioners properly applied the procedure when removing the Plaintiff from office." *Id.* Second, Defendants argue that the Commission's removal of Mr. Thompson was either legislative or executive action, not judicial action to warrant abstention. *Id.* at 6 (citing *NOPSI*, 401 U.S. at 368). Third, Defendants argue that, because Mr. Thompson was removed from office by municipal administrative action, and not state administrative action, his removal and review is not a "state-initiated civil proceeding." [R. 8 at 6-10 (collecting cases).] In opposition, Mr. Thompson argues that "[t]he proceedings currently before the Franklin Circuit Court involve an extremely important state interest, as a duly elected local office was removed without even a scintilla of evidence being properly moved into evidence […] showing any act of misconduct […]." [R. 5 at 3-4.]

Upon review, the Court agrees with Mr. Thompson. First, it is evident that Kentucky has an important interest in the review of Mr. Thompson's removal from office. Mr. Thompson seeks the vindication of his procedural rights as governed by a "statutorily outlined process identified by the City as the basic procedures for the hearing." [R. 1-2 at 27.] Additionally, Mr.

Thompson expressly indicates that he believes his "right to equal protection under the laws was violated." *Id.* at 29.  Nonetheless, Defendants argue that the state has no important interest in this matter because Mr. Thompson does not seek a review of the constitutionality of his removal procedure—but only a review to determine whether the statutory procedure was properly followed.  But Defendants too narrowly define what constitutes a state interest.

"[In determining substantiality of a state's interest in the proceedings,] we do not look narrowly to its interest in the *outcome* of the particular case . . . what we look to is the importance of the generic proceedings to the State." *NOPSI*, 491 U.S. at 365.  For *NOPSI*, this meant considering Louisiana's general interest in regulating intrastate retail rates, not Louisiana's specific interest in reducing NOPSI's retail rate.  *Id.*; *see also Younger*, 401 U.S. at 51-52 (California's general interest in enforcing criminal laws, not specific interest in preventing distribution of handbills); *Ohio Civil Rights Comm'n*, 477 U.S. at 628 (Ohio's general interest in preventing sexual discrimination, not specific interest in the firing of an employee).  Kentucky has a general interest in "scan[ning] the conduct of elections with deep interest and jealous care." *See Orr v. Kevil,* 124 Ky. 720, 732 (Ky. 1907).  This interest naturally extends to ensuring that elected officials are only removed by the processes the state has legislated.  Otherwise, the proper democratic election of an official could easily be negated by a sham removal process.  Accordingly, Defendants' characterization that Kentucky has no interest in this matter is incorrect.[1]

---

[1] The Court further notes that it is not wholly persuaded that Mr. Thompson does not seek "constitutional review" of his removal because the counts listed in his Complaint are quite open-ended.  Nonetheless, Kentucky's interest in this matter does not hinge on whether constitutional review is sought.

Next, the Court is unpersuaded by Defendants' argument that deference to the state's judicial review process of an administrative proceeding would "make a mockery" of the doctrine of *Younger* abstention. In support of their contention, Defendants rely on an out-of-context quote from *NOPSI* in which the Supreme Court stated that a federal court need not always abstain from cases in which state judicial review of legislative or executive administrative action is available. [R. 8 at 6 (citing *NOPSI*, 401 U.S. at 368) ("[I]t has never been suggested that *Younger* requires abstention in deference to a state judicial proceeding reviewing legislative or executive action. Such a broad abstention requirement would make a mockery of the rule that only exceptional circumstances justify a federal court's refusal to decide a case in deference to the States.").] But Mr. Thompson's removal from office by the City Commission was clearly judicial administrative action because he was placed on "trial" for his alleged misconduct and deemed "guilty" as to warrant his removal from office. Accordingly, Defendants' argument is without merit.

Finally, the Court is unpersuaded by Defendants' argument that, because Mr. Thompson was removed by municipal administrative action and not state administrative action, his removal proceeding was not "state-initiated." Though municipalities operate on a smaller level than state government, they still promote and further state interests. *See Manculich v. Bucci*, 2006 U.S. Dist. LEXIS 22930 at *6-*7 (S.D.N.Y. April 25, 2006) ("The ability of a municipality to regulate zoning and land use and to protect the public health and safety is an important state interest.") (internal citations omitted); *see also Sendlewski v. Southampton*, 734 F. Supp. 586, 591 (E.D.N.Y. April 12, 1990). This furtherance of state policy includes the state's interest in ensuring fair and constitutional election procedure, which naturally extends to the procedures governing the removal of elected municipal officials. *See League or United Latin Am. Citizens,*

8

*Council No. 4434 v. Clements*, 986 F.2 728, 764-65 (5th Cir. 1993) (discussing Texas's "various interests in [its] current method of electing district court judges."). Accordingly, the Court finds that Kentucky has an interest in ensuring that its elected officials are only removed when the procedure it mandates is followed. As a result, it is not dispositive that Mr. Thompson was removed by municipal administrative action for this matter to be deemed "state-initiated." Finally, while neither party disputes this factor, it is evident that both parties will receive an adequate opportunity to litigate their constitutional claims in state court.

### III

Because Mr. Thompson's appeal of his removal from office constitutes an "ongoing state-initiated civil enforcement proceeding that [is] akin to [a] criminal prosecution[]," the Court **ABSTAINS** and **REMANDS** this matter to state court.

This the 29th day of April, 2022.

Gregory F. Van Tatenhove
United States District Judge